**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

**Case No. 1:26-cv-3892**

SHOW AND TELL IT, INC., a New York
Corporation;

      Plaintiff

v.

SHOW AND TELL, LLC, a New York Limited
Liability Company;

      Defendant.

_____/

**COMPLAINT**

COMES NOW, Plaintiff, SHOW AND TELL IT, INC., ("Plaintiff") by and through its undersigned counsel hereby files this Complaint against Defendant SHOW AND TELL, LLC ("Defendant") for injunctive relief and damages and states as follows:

**INTRODUCTION**

This is a civil action brought under the Lanham Act, 15 U.S.C. §1115(a) for unfair competition and false description; violation of the New York Deceptive Trade Practices Law pursuant to N.Y. Gen. Obligations Law § 349; common law trademark infringement and Plaintiff owns a common law trademark in the "Show and Tell" word mark, specifically in conjunction with Advertising services in the field of entertainment and live events and Arranging for ticket reservations for shows and other entertainment events; Ticket reservation and booking for entertainment events and other similar services as outlined in its application. ("Plaintiff's Mark"). Plaintiff has continuously and exclusively used Plaintiff's Mark throughout United States commerce as a source identifier throughout since at least November 18, 2013. Consumers recognize Plaintiff as a highly reputable live event production and promotion company throughout

the US. Plaintiff has built this stellar reputation utilizing Plaintiff's Mark and Plaintiff has built substantial goodwill in Plaintiff's Mark.

Defendant is also involved in the production and promotion of live events and has recently applied for its own federal trademark registration for the word mark "Show and Tell"[1] ("Infringing Mark"), however Defendant has operated *solely* within the United Kingdom and **not** in United States commerce. Defendant did not operate within United States commerce until *allegedly* November 19, 2016. Prior to adopting and utilizing the Infringing Mark, Defendant was expressly aware of Plaintiff's use and widespread recognition of Plaintiff's Mark in the United States, yet, filed its application and certified *under penalty of perjury* that:

> "To the best of the signatory's knowledge and belief, no other persons, except, if application, concurrent users, have the right to use the trademark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

Defendant's unlawful actions have resulted in actual confusion, mistakes and deception among consumers regarding the source and/or affiliation of Defendant with Plaintiff.

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff is a New York Corporation with a principal place of business located at 6420 Wilshire Blvd, Suite 1918, Los Angeles, CA 90048.

2.    Defendant is a New York Limited Liability Company owned with its principal place of business located at 473 Bergen St. #1, Brooklyn, NY 11217.

3.    This Court has original jurisdiction over the unfair competition and Lanham Act claims pursuant to 28 U.S.C. §§1331 and 1338(a)-(b).

---

[1]Exhibit 1.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

5.      Further, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over the remaining state law claims as they arise out of the same case and controversy.

6.      This Court has personal jurisdiction over Defendant as it is a New York registered business and engages in substantial and continuous business activities within this district.

7.      Venue is proper within this district pursuant to 28 U.S.C. §1391(b)(1)-(2) as Defendant is a New York limited liability company with its principal place of business located within this district and the tortious acts giving rise to this Complaint have occurred within this district.

## FACTUAL ALLEGATIONS

I.      History of Plaintiff and Plaintiff's Brand Recognition

8.      Plaintiff is a New York-based company – which operates across the United States - that provides advertising, marketing, promotional, publicity, event-management, and ticket reservation and booking services in connection with live events, live entertainment, entertainment events, music concerts, comedy performances, theater shows, live music performances, cultural events, and musicals (collectively "Plaintiff's Services").

9.      Throughout the course of its existence, Plaintiff has been featured at the forefront of live comedy and entertainment event booking and promotions.

10.     Plaintiff and its principal have represented superstar clients such as David Sedaris, Ira Glass, Fran Lebowitz, Neil Gaiman, Lena Dunham, and dozens of other international entertainers.

11.     Plaintiff incorporated the business on or about May 31, 2013.

12.     In approximately December of 2013, Plaintiff purchased and began utilizing the

domain www.showandtelllive.com

13.    Since its inception, Plaintiff has continuously and exclusively utilized Plaintiff's Mark and invested substantially regarding its promotion and advertising efforts in building the goodwill associated with the brand.

**II.    Defendant's Brand**

14.    Defendant registered its business and began operating in the United Kingdom on or about October 16, 2016.

15.    Defendant originally operated and utilized the website www.showandtellUK.com to promote its business.

16.    Defendant then registered its domain www.showandtellpresents.com in approximately July 23, 2021.

17.    Defendant offers near identical services as Plaintiff's Services.

**III.    Defendant's Knowledge of Plaintiff's Pre-Existing Use of Plaintiff's Mark**

18.    In approximately May of 2015, Defendant e-mailed Plaintiff from the address tom@showandtellUK.com[2] and advised that he saw the Plaintiff was producing shows in London as well as other cities in the United Kingdom and Edinburgh under Plaintiff's Mark and requested Plaintiff change its name.

19.    Plaintiff responded utilizing the email Sam@showandtelllive.com[3] and advised that he is unable to change the business name as he owns and operates a U.S. Corporation of the same name, produces shows throughout the United States and Australia utilizing Plaintiff's Mark,

---

[2] Tom Searle is the owner and operator of Defendant.
[3] Sam Kinken is the owner and operator of Plaintiff.

and has an existing brand.

20.     Plaintiff did agree to avoid utilizing Plaintiff's Mark specifically in the UK area where Plaintiff had only just learned that Defendant operated – specifically within that market.

21.     At the time of this correspondence, Defendant was not utilizing the Infringing Mark anywhere but the United Kingdom.

22.     Defendant was aware of Plaintiff's ownership and use of Plaintiff's Mark at least as early as May 2015, despite declaring on its trademark application to the contrary.

23.     Throughout the next few years, Plaintiff provided brief introductions to other industry professionals in the United Kingdom to Defendant and each introduction expressly stated that Defendant was a producer in the United Kingdom.

24.     Defendant never advised Plaintiff that it had begun operations in the United States utilizing the "Show and Tell" trademark.

25.     In approximately November of 2025, Defendant received a check intended for Plaintiff thus demonstrating actual confusion.

26.     Notwithstanding, Defendant returned the check to the source as it was aware it did not belong to Defendant, thus further indicating Defendant's knowledge of Plaintiff's existence and use of Plaintiff's Mark.

27.     Interestingly enough, after receiving the check intended for Plaintiff, Defendant filed its trademark application for federal registration with the United States Patent and Trademark Office on or about December 2, 2025 which was assigned serial number 99/525,883/ ("Defendant's Application").

28.     On Defendant's Application, Defendant represented its first date of use anywhere

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

and in commerce to be December 1, 2006, but later amended Defendant's Application to state first date of use in commerce as November 19, 2016.

29.     Additionally, in filing Defendant's Application, it expressly attested that no other entity or person was using a similar mark in commerce – despite the documented knowledge of Plaintiff's Mark.

## COUNT I – FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. §1125(1)(A)

30. Plaintiff reasserts paragraphs 1-29 as if fully set forth herein.

31.     Plaintiff owns all rights, title and interest in and to Plaintiff's Mark, including all common law rights which have existed since at least November of 2013.

32.     Defendant's unauthorized use in commerce of the Infringing Mark is likely to (*and has*) deceived consumers as to the origin, source, sponsorship, or affiliation of Defendant with Plaintiff and is likely to cause consumers to believe that Defendant's services are authorized, endorsed, or sponsored by Plaintiff or that Defendant is in some way affiliated with Plaintiff – which is not true.

33.     Defendant's unauthorized use in commerce of the Infringing Mark constitutes false designation of origin and misleading description and representation of fact.

34.     Defendant's conduct as alleged herein was done willfully and with the intention to cause confusion among consumers and to mistake or deceive consumers as to the affiliation, connection or association with Plaintiff.

35.     Defendant's conduct herein was done willfully in an effort to capitalize upon Plaintiff's long-term success and goodwill in United States commerce.

36.     Defendant's conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.    Defendant's conduct explained herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to do both damage to Plaintiff and confuse consumers unless enjoined by this court. Plaintiff has no other adequate remedy at law.

38.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34-35 of the Lanham Act, 15 U.S.C. §§1116-1117, together with prejudgment and post-judgment interest.

## COUNT II – VIOLATION OF NEW YORK'S DECEPTIVE TRADE PRACTICES ACT NY GEN. OBLIGATIONS LAW §349

39.    Plaintiff reasserts paragraphs 1-34 as if fully set forth herein.

40.    N.Y. Gen. Obligations Law § 349 expressly outlines that any unfair, deceptive, or abusive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

41.    The statute further states that "**an act or practice is unfair when it causes or is likely to cause substantial injury** which is not reasonably avoidable and is not outweighed by countervailing benefits to consumers **or to competition**." N.Y. Gen. Bus. Law § 349.

42.    Defendant's actions specified in the foregoing paragraphs constitute unfair acts within the conduct of any business, trade or commerce in direct violation of § 349.

43.    Specifically, Defendant's expansion into the United States market utilizing a trademark already known to Defendant to be utilized by Plaintiff in an effort to confuse and deceive consumers to believe Defendant is in any way affiliated with or sponsored by Plaintiff is a deceptive and unfair trade practice.

44.    Further, Defendant's use of the Infringing Mark is an attempt to capitalize on Plaintiff's long-term reputation and goodwill in United States commerce.

45.    Defendant use of the Infringing Mark is damaging Plaintiff and causing irreparable harm as Plaintiff has no control over the Infringing Mark.

46.    Plaintiff has been damaged directly and proximately by Defendant's unlawful actions.

47.    Plaintiff is entitled to recover actual damages or $50.00 whichever is great. Further the Court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section attorney fees and costs pursuant to the statute.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

48.    Plaintiff reasserts paragraphs 1-29 as if fully set forth herein.

49.    Plaintiff owns a common law trademark in Plaintiff's Mark since at least as early as November 2013.

50.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged in the foregoing paragraphs is likely to (and has) deceived consumers as to the origin, source, sponsorship, or affiliation of Defendant's services and is likely to cause consumers to believe that Defendant's services are provided, authorized, endorsed or sponsored by Plaintiff or that Defendant is in some way affiliated with Plaintiff.

51.    Defendant's acts constitute trademark infringement in violation of New York common law.

52.    Plaintiff is the owner of a valid and protectable mark as evidenced by its long-term use of Plaintiff's Mark.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

53.     Plaintiff was the first to use Plaintiff's Mark in United States commerce and began use at least as early as November of 2013.

54.     Consumers are likely to be confused by Defendant's use of the Infringing Mark as it is identical to Plaintiff's Mark and used within the same services.

55.     At least one consumer has been confused by Defendant's use of the Infringing Mark and Plaintiff asserts discovery will likely demonstrate more.

56.     Defendant will continue such infringement unless enjoined by this Court.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests a judgement against Defendant as follows:

A.     For an award of actual damages in an amount to be determined at trial;

B.     For an accounting of Defendant's profits through the use of the "Show and Tell" mark;

C.     That Defendant's actions in adopting and using the "Show and Tell" mark have been intentional and willful;

D.     For reasonable attorney fees and costs under 15 U.S.C. §1117 and N.Y. Gen. Bus. Law §349.

E.     For pre-judgment interest on all amounts claimed as permitted by law;

F.     For an order enjoining Defendant from using, displaying, or sharing any version of Plaintiff's Mark in United States commerce;

G.     For other such relief this Court may deem proper under the circumstances.

Dated: June 29, 2026              Respectfully Submitted,

By: /s/ KELLY ANN M. DESROSIERS
Kelly Ann M. desRosiers, Esq.
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
/s/ LORRI LOMNITZER
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
The Lomnitzer Law Firm, P.A.
7999 N Federal Hwy. Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
*Attorneys for Plaintiff*

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455